UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWN WATERMAN,

    Plaintiff,

-vs-

M & K EMPLOYEE SERVICES, INC.,
a Domestic Business Corporation,

    Defendant.

Case No. 22-cv-11254

Hon. Robert H. Cleland
Mag. Judge Curtis Ivy, Jr.

| | |
|---|---|
| Jennifer Lossia McManus (P65976)<br>Ryan O. Rosenberg (P84530)<br>Fagan McManus, P.C.<br>Attorneys for Plaintiff<br>25892 Woodward Avenue<br>Royal Oak, MI  48067-0910<br>(248) 542-6300<br>jmcmanus@faganlawpc.com<br>rrosenberg@faganlawpc.com | Donald J. Vogel<br>Sara L. Pettinger<br>SCOPELITIS, GARIN, LIGHT, HANSON & FEARY, P.C.<br>Attorneys for Defendant<br>30 West Monroe Street, Ste. 1600<br>Chicago, IL  60603<br>(312) 255-7200<br>dvogel@scopelitis.com<br>spettinger@scopelitis.com<br><br>Fritz R. Damm<br>SCOPELITIS, GARIN, LIGHT, HANSON & FEARY, P.C.<br>Attorneys for Defendant<br>100 West Big Beaver Rd., Ste. 200<br>Troy, MI  48084<br>(313) 237-7400<br>fdamm@scopelitis.com |

### STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT

    The parties having stipulated to the entry hereof; and the Court being otherwise fully advised in the premises:

IT IS HEREBY ORDERED AS FOLLOWS:

1.      For purposes of this action, "Confidential Information" means information, documents, or things that any party providing discovery, including persons or entities who are not parties to this lawsuit (a "Producing Party"), reasonably believes, in good faith, to contain or constitute trade secrets, financial records, health information or other information that is confidential or proprietary to that party.

2.      Any documents and things, answers to interrogatories, answers to deposition questions, responses to requests for admissions, or any other materials or portions thereof containing Confidential Information and produced in discovery in this action by any Producing Party, related to or containing information regarding: (a) business operations or information of a confidential or proprietary nature; (b) trade secrets; (c) Plaintiff's or Defendant's financial or tax information; (d) employees and/or former employees; and; (e) any other information in which any party or any third-party has a reasonable expectation of privacy (such as social security information, health information, medical condition or treatment, salary, wages), may be designated and marked by the Producing Party as "CONFIDENTIAL" in the manner set forth below. Any material that is so marked, together with any copies, abstracts, summaries, or information derived therefrom, and any notes or other records regarding the contents thereof, shall be referred to in this Protective Order ("Protective Order") and in this action as "Confidential Material".

3.      All documents deemed by the Producing Party to be subject to this Protective Order shall be visibly marked as "CONFIDENTIAL" at the time of production or disclosure to be subject to this Protective Order. The designation of a multi-page Document as "CONFIDENTIAL" on the first page only shall be sufficient to make the entire Document subject to that designation. In the case of voluminous documents, the producing parties may designate documents as subject to one of the protected classifications under this Order by identifying ranges of numbered documents with the appropriate designation. If such is not the intent of the Producing Party, only those pages deemed in good faith to be subject to such designation shall be so marked. The designation in the file name of an electronic and natively produced document (including a document repository) is sufficient to make the entire document and its contents (including any documents contained therein) subject to that designation.

4.      Confidential Information and Confidential Material, including

documents designated as "CONFIDENTIAL" under this Order, may only be disclosed by the parties to following persons:

    a.    The parties to this litigation (a "Party" or the "Parties") including their officers and employees and members of the attorneys' firms involved in this litigation;

    b.    Outside counsel for the Parties (the "counsel" or "Counsel") and employees of outside counsel's firm who are engaged in the conduct of the litigation of this case, including any appeal or alternative dispute resolution procedures;

    c.    The Court and persons employed by the Court;

    d.    Case evaluators, mediators, arbitrators, and/or facilitators;

    e.    Court reporters, recorders, and videographers;

    f.    Outside vendors hired for the limited purpose(s) of making photocopies of documents, exhibits, enlargements, and/or the operation of video recording equipment;

    g.    Any person called as a deponent or witness at any deposition, hearing (including alternative dispute resolution hearings), or trial in this matter;

    h.    A jury if this matter proceeds to trial;

    i.    Any person designated by the Court upon such terms as may be determined by the Court;

    j.    Consultants, investigators, and experts (hereinafter collectively referred to as "experts") employed or retained by a Party or Counsel to assist in the preparation and conduct of this case, only if such expert first agrees to be bound by this Order as set forth in Paragraph 6 below;

    k.    Any person interviewed by Counsel as a potential witness to the extent deemed necessary by Counsel in order to examine such witness; and

    l.    Any other person to whom the parties agree in writing

5.    Nothing in this Protective Order shall impose any restriction on the use or disclosure by any person of Confidential Information or Confidential Material obtained by the person independent of proceedings in the Litigation, whether or not said Confidential Information or Confidential Material is also obtained during proceedings in the Litigation. This provision shall not act as a waiver of any Producing Party's right to make an application to the Court to further limit disclosure of any Confidential Information or Confidential Material.

6.    All persons to whom disclosure of Confidential Information or Confidential Material is made under this Protective Order, other than those

designated in paragraph 4 of this Protective Order, shall be advised that the Confidential Records are subject to this Protective Order and shall agree to be bound hereto.

7. If a document or deposition transcript containing Confidential Information or Confidential Material is filed with the Court, it shall be filed under seal using the appropriate mechanism for filing sealed documents under the Electronic Case Filing System. Any document filed with the Court under seal shall be unsealed only after all Parties (and any third party, if the document contains a third party's Confidential Information or Confidential Material) are given a reasonable opportunity to explain to the Court why continued sealing of the document is necessary, and to submit a redacted version of the sealed document(s) that minimize the amount of information being maintained under seal. Any document filed under seal via the Electronic Case Filing System will be served immediately via email upon outside counsel of record.

8. Any party serving an expert report or brief containing Confidential Information or Confidential Material shall upon request provide within five (5) Court Days a redacted version of the report or brief. Counsel for the receiving parties shall have three (3) Court Days to review the redacted version to confirm the redactions before the redacted version is further used or disseminated.

9. Should a need arise during the trial or any hearing before the Court for any of the Parties to cause Confidential Information or Confidential Material to be disclosed in open court, it may do so only upon stipulation of the Producing Party or after the Producing Party is given reasonable notice of such intended disclosure and is given a reasonable opportunity to seek safeguards from the Court.

10. All Confidential Information and Confidential Material shall be handled in the manner set forth in this Order and shall not be used for any business purpose, or any purpose other than the prosecution, defense, or settlement of this action, unless and until such designation is removed by the Producing Party or by order of this Court. This obligation shall survive the termination or settlement of these proceedings and shall continue after this Court ceases exercising jurisdiction over the parties.

11. Notwithstanding the provisions of paragraph 4 of this Stipulated Order, documents designated as Confidential Material may be disclosed to any person indicated on the face of the document to be its originator or author, or a recipient of

a copy thereof.

12. If any Confidential Information or Confidential Material is summarized, discussed or quoted at any deposition, all persons other than those to whom disclosure is permitted hereunder may be excluded from such portion of the deposition at the request of the Producing Party.

13. Except as provided in paragraph 4 herein, Counsel shall keep all Confidential Information and Confidential Material which are received under this Order secure within their exclusive possession and shall place such documents in a secure area. Counsel shall endeavor to collect all confidential documents from those persons who were provided copies of said documents after said persons' involvement in the litigation of this matter is concluded.

14. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action. Moreover, the failure to designate information in accordance with this Protective Order and the failure to object to a designation at a given time shall not preclude the later designation of such. The entry of this Protective Order shall not be construed as a waiver of any right to object to the disclosure of information in response to discovery, and shall not relieve any Party of the obligation of producing information in the course of discovery.

15. Nothing contained in this Order is intended to require the production of non-relevant or privileged documents or to prevent a Party from withholding production on those grounds. This Order is without prejudice to the right of any Party to bring a motion for a separate protective order as to any document or information seeking protections which differ or are greater than those specified herein. Any privileged documents inadvertently produced shall, upon request from the Producing Party, be immediately returned to that Party. The inadvertent production of any document or other information during discovery in this action shall be without prejudice to any claim that such material is protected by any legally cognizable privilege or evidentiary protection including, but not limited to, the attorney-client privilege or the work product doctrine, and no party shall be held to have waived any rights by such inadvertent production.

16. Any party (e.g., a third party) who receives subpoenas or other discovery request that would require the disclosure of Confidential Information or Confidential Material may invoke the provisions of this Order.

17. Any Party may at any time move this Court for an order changing the designated status of Confidential Information or Confidential Material or otherwise relieving the Party from any restrictions contained in this Protective Order. That Party shall not make such a motion, however, until it requests the Producing Party in writing to change the designated status of Confidential Information or Confidential Material or otherwise relieve the Party from any other restrictions contained in this Protective Order, and the Producing Party refuses to grant the party's request. The Producing Party's failure to respond to such a request within five Court Days shall be deemed to be a refusal. Pending resolution of the motion, the involved item shall be treated in accordance with its designated status.

18. Upon termination or settlement of this action, including all appeals, each Party shall, upon written request by the Producing Party, either (a) return to the Producing Party all Confidential Information and Confidential Material produced in discovery, including all copies, summaries, or abstracts not containing attorney work product or information covered by the attorney-client privilege, or (b) destroy, and certify such destruction in writing to the Producing Party, all Confidential Information and Confidential Material produced in discovery, including all copies, summaries, or abstracts not containing attorney work product or information covered by the attorney-client privilege; provided, however, that in either case, outside counsel for each party may keep one or more archival copies of all pleadings or other documents filed with this Court (or any arbitrators, mediators, or facilitators) and one or more archival copies of any deposition transcripts or exhibits that contain Confidential Information or Material.

19. All deadline windows in this protective order do not include the day that the triggering event (e.g. filing, service, communication, objection, etc.) occurred. A "Court Day" is a day that the United States District Court for the Eastern District of Michigan is open. Consistent with the local rules for the United States District Court for the Eastern District of Michigan, a "Court Day" ends just before midnight of the subsequent day.

IT IS SO ORDERED.


Dated: September 30, 2022          s/Robert H. Cleland
                                                                         Hon. Robert H. Cleland
                                                                         United States District Court

Stipulated and agreed to:

/s/ Jennifer Lossia McManus
Jennifer Lossia McManus (P65976)
Ryan O. Rosenberg (P84530)
Fagan McManus, P.C.
Attorneys for Plaintiff
25892 Woodward Avenue
Royal Oak, MI  48067-0910
(248) 542-6300
jmcmanus@faganlawpc.com
rrosenberg@faganlawpc.com


/s/ Sara L. Pettinger (w/ consent)
Donald J. Vogel
Sara L. Pettinger
SCOPELITIS, GARIN, LIGHT, HANSON
 & FEARY, P.C.
Attorneys for Defendant
30 West Monroe Street, Ste. 1600
Chicago, IL  60603
(312) 255-7200
dvogel@scopelitis.com
spettinger@scopelitis.com

Fritz R. Damm
SCOPELITIS, GARIN, LIGHT, HANSON
 & FEARY, P.C.
Attorneys for Defendant
100 West Big Beaver Rd., Ste. 200
Troy, MI  48084
(313) 237-7400
fdamm@scopelitis.com